UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID M. CERULLO,<br>Plaintiff | ) | |
| | ) | |
| v. | ) | C.A. No. 08- |
| | ) | |
| KAMAN CORPORATION, CIGNA CORPORATION, LIFE INSURANCE COMPANY OF NORTH AMERICA,<br>Defendants. | ) | [illegible] 08 162 |

**NOTICE OF REMOVAL**

Defendants Kaman Corporation ("Kaman"), CIGNA Corporation ("CIGNA") and Life Insurance Company of North America ("LINA"), in support of this Notice of Removal of this action to the United States District Court for the District of Rhode Island, respectfully submit that:

1. Kaman, CIGNA and LINA are the sole named defendants in this civil action pending in the Superior Court of the State of Rhode Island, Kent County, C.A. No. KC 08-7 captioned, "David M. Cerullo v. Kaman Corporation, CIGNA Corporation and Life Insurance Company of North America." Plaintiff commenced his action by filing the complaint in the Kent County Superior Court. Plaintiff's complaint is attached hereto as Exhibit A. Certified copies of all pleadings will be filed pursuant to LR Cv 81(b). Plaintiff served the complaint on Kaman via CT Corporation System on or about April 4, 2008. There have been no further proceedings.

2. LINA is incorporated under the laws of Pennsylvania, with its principal place of business in Pennsylvania and a member of the Cigna Group of Insurance Companies. LINA received plaintiff's summons and complaint from the Rhode Island Commissioner of Insurance on or about April 7, 2008.

3. Kaman Corporation ("Kaman") is incorporated under the laws of Connecticut, with its principal place of business in Connecticut.

4. The defendant "Cigna Life Insurance Company" does not exist, as such. The Superior Court docket does not indicate that plaintiff served process on any such company.

5. The complaint alleges that the plaintiff David M. Cerullo is a resident of West Warwick, Rhode Island. Complaint, ¶ 1.

6. Plaintiff alleges that while employed at Kaman, he paid premiums for health insurance and a group insurance policy (the "Plan"). Complaint, ¶ 7.

7. Plaintiff alleges that he became disabled on or about June 28, 2005 due to a pre-existing medical condition. Complaint, ¶ 8.

8. Plaintiff alleges that he was initially paid health insurance and short-term disability benefits under the Plan, but benefits were later terminated, notwithstanding that he remained permanently disabled. Complaint, ¶ 9.

9. Plaintiff seeks, among other things, "payment of health insurance and disability benefits from termination to present, liquidated damages set forth in 29 USC § 1132, reasonable attorney's fees and damages . . . plus interest and costs." Complaint, "Wherefore" clause.

10. Plaintiff's allegations relate directly to disability income coverage provided under the Plan, which is sponsored and maintained by Kaman and administered and insured by LINA. Complaint, ¶¶ 5, 7-11.

11. The Plan is, on information and belief, subject to and regulated by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1001 et seq. ("ERISA"). See also Complaint, ¶¶ 5, 6.

12. ERISA provides the exclusive remedies for claimants seeking benefits from or to determine rights under employee welfare benefit plans. ERISA, §§502(a)(1)(B), 514, 29 U.S.C. §§1132(a)(1)(B) and 1144; see Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987). A cause of action filed in state court that is preempted by ERISA and falls within the scope of ERISA §502(a)(1), 29 U.S.C. §1132(a)(1), is removable to federal court under 28 U.S.C.§1441 as an action arising under federal law, even if the ERISA-related nature of the action does not appear on the complaint's face. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

13. This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e). As an action of a civil nature founded on a claim or right arising under the laws of the United States, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. §1441(a) and (b).

14. This Court also has original jurisdiction over this action pursuant to 28 U.S.C. §1332 because it is a controversy between citizens of different states and, on information and belief, exceeds the sum or value of $75,000, exclusive of interest and costs.

15. This Notice of Removal is being filed within the time period required by 28 U.S.C. §1446(b).

16. Written notice of the filing of this Notice of Removal will be given to the plaintiff as required by law.

WHEREFORE, defendant LINA prays that this action stand removed from the Kent County Superior Court of Rhode Island to this Court.

Brooks R. Magratten, Esq. #3585
Timothy M. Bliss, Esq. #6228
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 [FAX]

Date: May 2, 2008

CERTIFICATE OF SERVICE

To:

John J. Flanagan, Esquire
2348 Post Road
Warwick, RI 02886

I hereby certify I caused to be served on the above-named counsel of record a copy of the within Notice of Removal by mailing first class mail, postage prepaid, on the 2nd day of May, 2008.