UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID M. CERULLO,<br>Plaintiff | ) | |
| v. | ) | C.A. No. 08-0162/S |
| KAMAN CORPORATION, CIGNA CORPORATION, LIFE INSURANCE COMPANY OF NORTH AMERICA,<br>Defendants. | ) | |

**ANSWER OF DEFENDANTS**

Defendants Kaman Corporation, CIGNA Corporation and Life Insurance Company of North America ("LINA") respond to the allegations of plaintiff's complaint as follows:

FIRST DEFENSE

1. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 1 and 7.

2. Admit the allegations of paragraph 2.

3. Deny the allegations of paragraphs 3, 4, 9 and 11.

4. Answering the allegations of paragraph 5, allege that LINA is the claims administrator for the employee welfare benefit plan in which plaintiff was a participant (the "Plan"), which is governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1001 et seq. ("ERISA"); except as so alleged, deny the remaining allegations of that paragraph.

5. The allegations of paragraph 6 state conclusions of law for which no response is required; to the extent the Court may otherwise construe that paragraph, it is denied.

6. Answering the allegations of paragraph 8, deny that the plaintiff became disabled under the terms of the Plan; except as so alleged, lack knowledge or information sufficient to

form a belief regarding the truth of the remaining allegations.

7. Answering the allegations of paragraph 10, allege that: LINA denied plaintiff's claim for long-term disability ("LTD") benefits on or about April 10, 2006; LINA denied his appeal on or about August 18, 2006; and plaintiff was awarded monthly Social Security disability benefits on or about October 7, 2006. Except as so alleged, deny the remaining allegations of that paragraph.

SECOND DEFENSE

8. The Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1001 et seq. ("ERISA") preempts and bars plaintiff's claims.

THIRD DEFENSE

9. Plaintiff's claim fails for lack of consideration.

FOURTH DEFENSE

10. Plaintiff fails to state a claim upon which relief may be granted.

FIFTH DEFENSE

11. Plaintiff has failed to satisfy all terms and conditions precedent of the Plan and Policy for the payment of disability benefits.

SIXTH DEFENSE

12. Plaintiff has failed to exhaust administrative remedies.

WHEREFORE, Defendants Kaman Corporation, CIGNA Corporation and Life Insurance Company of North America demand judgment dismissing plaintiff's complaint with prejudice and awarding them their costs, fees and such further relief as the Court may deem appropriate.

/s/ Brooks Magratten

Brooks R. Magratten, Esq., #3585
Timothy M. Bliss, Esq., #6228
VETTER & WHITE
Attorneys for Defendants
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Dated: May 6, 2008

CERTIFICATE OF SERVICE

To:

John J. Flanagan, Esquire
2348 Post Road
Warwick, RI 02886

I hereby certify that I electronically filed the within Answer on May 6, 2008. The Answer is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Brooks Magratten